# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SHELLEY LUBRITZ, BAR NO. 5410.

No. 71075

**FILED**

JAN 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Shelley Lubritz.

Lubritz has admitted to nine violations of RPC 1.3 (diligence), six violations of RPC 1.4 (communication), two violations of RPC 1.15 (safekeeping property), five violations of RPC 3.2 (expediting litigation), two violations of RPC 3.4(c) (fairness to opposing party and counsel), one violation of RPC 3.4(d) (fairness to opposing party and counsel: failure to comply with discovery requests), one violation of RPC 3.5(d) (impartiality and decorum of the tribunal and relations with the jury: lawyer shall not engage in conduct to disrupt the tribunal), and eight violations of RPC 8.1(b) (bar admission and disciplinary matters). These violations relate to her representation of fourteen clients between 2008 and 2013 and her failure to timely respond to bar grievances concerning those clients. During her representation of those clients, Lubritz experienced significant health problems and had a gambling addiction, all of which affected her ability to represent those clients.

17-2284

After a hearing, Lubritz agreed to a modified conditional guilty plea agreement imposing a 6-month actual suspension followed by an 18-month stayed suspension subject to certain probationary conditions. Lubritz also agreed that if she failed to comply with any of the terms or conditions of the plea agreement, the 18-month stayed suspension would be immediately imposed and she would not have the right to appeal the imposition of the stayed suspension. A panel majority approved the modified conditional guilty plea agreement. In support of its decision, the panel found three aggravating factors: (1) a pattern of misconduct between 2011 and 2014, (2) multiple offenses, and (3) substantial experience in the practice of law. SCR 102.5(1) The panel, however, found six mitigating factors: (1) absence of dishonest or selfish motive, (2) mental disability or chemical dependency, (3) substantial delay in disciplinary proceedings, (4) interim rehabilitation, (5) imposition of other penalties in the form of significant restitution, and (6) remorse. SCR 102.5(2).

Based on our review of the record, we conclude that the conditional guilty plea agreement should be approved. SCR 113(1). Considering the duties violated and the aggravating and mitigating circumstances, we conclude that the 6-month actual suspension followed by an 18-month stayed suspension subject to certain conditions is sufficient to serve the purpose of attorney discipline. SCR 105(3)(b); *see In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (setting forth factors to be considered); *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). While we note that Lubritz's failure to timely respond to bar grievances and the number of violations she has admitted

to could warrant a longer suspension, we conclude that the mitigating factors support the agreed-upon discipline.

Accordingly, we hereby suspend Shelley Lubritz from the practice of law in Nevada for a period of 6 months commencing from the date of this order, to be followed by an 18-month stayed suspension.[1] During the first 90 days of her suspension, Lubritz shall pay the State Bar $2,200 she owed on a prior disciplinary matter and $1,500 in costs on this disciplinary matter. Further, during the first year of her suspension period, Lubritz shall pay $18,364.69 in restitution as outlined in her plea agreement. Additionally, during her probationary period, Lubritz shall: (1) not engage in the practice of law as a solo practitioner and not handle client funds; (2) only engage in the practice of law in association with a law firm in which she has no ownership interest or operational management responsibilities or authority and client funds are handled through the firm's trust account to which she does not have access; (3) complete 20 hours of pro bono legal services in the first six months of her probationary period; (4) refrain from engaging in the personal activities that led to the violations, attend Gamblers' Anonymous meetings twice weekly, and provide monthly proof of attendance to the State Bar; (5) refrain from any activity that results in discipline; and (6) complete 15 continuing legal education (CLE) credits in law-office management, in

---

[1]Before the hearing panel, Lubritz agreed to start complying with the terms of the guilty plea agreement upon the panel's August 1, 2016, entry of its recommendation so that she could request this court make her suspension retroactive to that date. Lubritz, however, has failed to file anything in this court requesting the suspension be retroactive or demonstrating that she has complied with the terms of the plea agreement since that date. Accordingly, her suspension shall not be retroactive.

addition to the normal CLE requirements. If Lubritz fails to make the above-described payments or fails to comply with any of the probationary conditions, the 18-month suspension shall be immediately imposed. The parties shall comply with SCR 115 and 121.1.

It is so ORDERED.[2]



_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Parraguirre

_____, J.
Stiglich

---

[2]We further order the clerk of this court to remove the confidential designation from this matter as it does not meet any of the confidentiality exceptions outlined in SCR 121.

Additionally, no motion has been filed in this court requesting the record be sealed or demonstrating good cause for it to be sealed. *See* SCR 121(12) (providing that unless the matter is confidential, "all filed documents and arguments in lawyer discipline proceedings in the supreme court shall be public, unless for good cause shown, the supreme court enters an order sealing all or part of the record in the court"). Thus, the clerk of this court shall unseal the record in this matter.

HARDESTY, J., with whom PICKERING, J., concurs, dissenting:

I would reject the conditional guilty plea agreement because the length of the suspension is insufficient to serve the purpose of attorney discipline considering the number of complainants, the insufficient restitution made to the clients who were harmed by Lubritz's misconduct, and Lubritz's failure to address the requirements of her prior discipline matter or to cooperate in the investigation of the instant discipline matters. Accordingly, I dissent.

_____, J.
Hardesty

I concur:

_____, J.
Pickering

cc:    Chair, Southern Nevada Disciplinary Board
Michael J. Warhola, LLC
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court